STATE ex rel. ALBERTS, Respondents, v. NOETHE, MAYOR et al., Appellants.

(145 N. W. 557.)

1. **Intoxicating Liquors—License—Referendum, Non-adoption of Proposal as Condition to.**

Pol. Code, Sec. 1223, vests the right to propose ordinances or resolutions for city government in any 5 per cent. of electors; Sec. 1224 provides that such proposal shall be by petition to municipal auditor or clerk, and Sec. 1225 provides for submission of the filed petition, by auditor or clerk, to the council at its first ensuing session, "and if the proposal is not adopted," or cannot be adopted by reason of want of authority by the council, it shall be referred to a vote of the city electors. **Held,** that under such provisions, the ordinance or resolution initiated is to be proposed to the council, whose duty it is to act thereon, there being no election authorized unless the proposed ordinance or resolution is not adopted; and hence, where the petition asked that the council submit to a vote of the citizens of the city the question of what persons should be granted licenses to sell liquor at retail in the city, the filing of such petition was not the exercise of any right of initiative resting in the signers, and the result of the election was not binding upon the council.

2. **Same—Liquors—License—Referendum—Adoption   of   "Report" of Election—Excess of Jurisdiction.**

A city council having submitted to the city electors the question as to what persons are to sell intoxicating liquors at retail in the city, three persons having previously filed petitions asking to be granted licenses to make such sales, and the vote at said election having been returned, the council passed a resolution accepting and approving the report. **Held,** that such resolution was, in effect, only to accept and approve the work of the canvasing board, not the decision of the electors as revealed by such report, and hence the resolution did not con-

stitute a grant of licenses by the council to the two applicants receiving the highest number of votes at the election; and the city council exceeded their jurisdiction in attempting to act under such report by granting licenses to said two persons.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Brookings County.  Hon. CARL G. SHERWOOD, Judge.

Certiorari by the State, on the relation of Sam Alberts, against Joseph Noethe, as Mayor of the City of Elkton, and others, alleging that the defendants as city officials of said city exceeded their jurisdiction in granting a permit to sell intoxicating liquors at retail to one Paulson.  Judgment for the relator, and certain of the defendants appeal.  Reversed.

*Eidem & McCoy,* for Appellants.

None of the provisions of law in regard to the form or signature of the petition, the manner of calling the election, giving notice, or canvassing the votes, were followed.

The election had no binding effect.

The general provisions permitting proposals of laws, ordinances and resolutions, by the electors of a municipal corporation, have no application to the granting of licenses or permits to retail liquor dealers, under our present law.

As the petition filed herein did not propose any law, ordinance, resolution or candidate to be submitted to the City Council, and if rejected, to the electors of the City, and was not verified, or signed as provided for by Sections 1214 to 1228 inclusive of the Rev. Pol. Code, the election was held without jurisdiction, and is void.

The City Council is the exclusive tribunal, to pass upon the qualifications of applicants for license.  Sec. 2857, 2855, Rev. Pol. Code, Ch. 257, Laws 1913.

The City Council may, in its discretion, and without stating any reason therefor, reject an applicant for a saloon license.  McCormick v. Pfeffer, 103 N. W. 31; Town of Britton v. Guy, 97 N. W. 1045; City of Centerville v. Gayken, 20 S. D. 82; State ex rel Brockett et al v. City of Alliance, N. W. 387. (Neb.) ; State ex rel Grigsby v. Buechler, 10 S. D. 156.

The Initiative and Referandum, as applied to cities is a general law by which the electors may referend any law, ordi-

nance or resolution passed by the City Council, and under restrictions, the electors may propose a law, ordinance or resolution, to the City Council, and if rejected, it may be submitted to a vote; Secs. 1224, 1225 Rev. Pol. Code.

The petition for an election required by a local option law, is a jurisdictional pre-requisite, without such a petition sufficient in respect to form and signatures, the authorities have no power to order an election. 23 Cyc. 95; Sioux Falls Electric Light and Power Company v. the City of Sioux Falls, (S. D.) 108 N. W. 488; 10 Am. & Eng. Enc. of Law (2d Ed.) Page 562; State ex rel McKee v. Gardner, 3 S. D. 553.

The action of the City Council, in accepting the reports of the clerks and judges of election, was in effect a canvass of the votes and a declaration of the result, and such action was not intended to and did not "adopt the result," of such election, or bind the City Council to issue a license to Relator.

WHITING, J.    The electors of the city of Elkton having voted in favor of the sale of intoxicating liquor at retail in such city, three parties, Paulsen, Connelly, and Alberts, filed with the city council of such city their petitions wherein each asked that he be granted a permit to sell intoxicating liquors at retail at a certain place in said city during the year commencing July r, 1913. Under the law then in force, but two permits could be granted. A date was set for the hearing of such petitions. Prior to the date so set there was presented to said council the following petition, signed by over 30 per cent. of the legal voters of said city: "To the Honorable City Council, Elkton, South Dakota: We, the undersigned, residents, citizens, and legal electors within the city of Elkton, Brookings county, South Dakota, do most respectfully petition your honorable body that the question of determining what persons are to sell intoxicating liquors at retail within said city be submitted to a vote of the citizens of said city, that a vote be had on said question, that a day be set for voting on said question, that notice of taking said vote be given by publishing a notice in the Elkton Record, and that the said voting on said question be had without any costs or expenses whatever to the city of Elkton. All of which is respectfully submitted.

The city council passed a resolution approving the petition,

and ordering an election to be held upon the date theretofore set for hearing the three petitions filed by P., C., and A. The city audtior gave and published notice of such election as requested in such petition; the mayor appointed judges and clerks for such election; the election was held and said judges and clerks canvassed the ballots cast, and certified the result of the election to the city council. Thereafter, and on the same date, and at the time and place theretofore fixed for hearing the said three petitions, the city council met, and the report of the judges and clerks of such election was presented. The records of the council proceedings at said meeting show the following proceedings after the presentation of such report: "Report of special election ° * * * read, to determine who shall sell intoxicating liquors at retail, showing the following results: C. S. Paulsen received * * * 81 votes. P. H. Connelly received * * * 150 votes. Sam Alberts received * * * 116 votes. Motion made, seconded, and carried that report of special election be accepted and approved. It now being the time that petitions and applications for permits to sell intoxicating liquors at retail of the following, to wit, C. S. Paulsen, P. H. Connelly, and Sam Alberts, be taken up, and hear complaints, if any, why permits should not be granted. No one appearing, and no objections being made, council proceeded to elect two who shall receive said permits." Then follows a record of a vote in favor of C. and P., and a declaration as to each to the effect that he was elected to sell intoxicating liquors at retail from July 1, 1913, to July 1, 1914.

Relator, claiming that, through such special election and the acceptance, approval, and, as he alleges, "adoption" of the report of the election officers, the city council "had duly licensed and granted permits to engage in the business of selling intoxicating liquors at retail." to C. and himself, and alleging that such city council, notwithstanding they had so granted permits to C. and relator, did proceed and undertake to grant a license to P., brought certiorari proceedings alleging that said city council, respondents therein, exceeded their jurisdiction in attempting to grant a permit to P.

With no evidence except the above record, the trial court found that the resolution, "that report of special election be

accepted and approved," "directly referred to the result of said special election, and was intended to, and did, approve, ratify, and confirm the result of said special election wherein and whereby the said P. H. Connelly and the said Sam Alberts were chosen and designated as the two applicants entitled to permits to engage in said business;" and the court concluded, as a matter of law, that " it was duly and legally determined that license should be received from, and permit to engage in the business of selling intoxicating liquors for the year commencing July 1, 1913, granted to, P. H. Connelly and the relator, Sam Alberts, and that the said defendants were without authority and jurisdiction to receive license from or grant permits to, any other or different applicants subsequent to such determination, and that the authority of said city to grant license to engage in said business was exhausted by such determination."

Certain affirmative relief was granted relator in the judgment of the trial court; this we need not consider, except to say that it is clear that the trial court was without jurisdiction to grant same in a certeriorari proceeding. The judgment, besides purporting to grant such affirmative relief, "annulled, vacated, set aside, and held for naught" the action of the respondents in selecting P. as one of the parties to receive permits. From such judgment and an order denying new trial, respondents appealed. The only question properly before the trial court, and therefore the only question before us, is: "Did respondents, appellants here, exceed their jurisdiction when they attempted to grant P. a permit to sell intoxicating liquors?"

The views of the trial court are revealed by an oral statement made at the close of the trial: "Inasmuch as our statute has adopted the principle of the initiative and referandum, and has adopted the same for cities, and has provided that, where a proposal for a law, ordinance, or resolution is submitted to a vote of the people, that such law, ordinance, or resolution shall go into effect if approved by a majority of the votes cast for and against the same, and inasmuch as the council of the city of Elkton have submitted the question to a vote of the people of Elkton as to which of the three men should be granted a license to sell intoxicating liquors in the city of Elkton, and

the voters having declared by a large majority for two of these men, it is the opinion of the court that such action is binding upon the officers of the city, and that such motion, or resolution took effect immediately after its passage. To hold otherwise would be to hold that the officers of a town were greater and had superior authority over the people of the town in determining who should sell intoxicating liquors than the town, and I hold, therefore, that the action in appointing or electing this man Paulsen was void, and in excess of the power of the board, and that it was the duty of the board to issue a license, having submitted the matter to a vote of the people, and, having taken the vote, it was their duty to follow those instructions. And I hold, further, that the city, having participated in the election, is estopped from asserting that the proceedings leading up to the election were irregular, and the prohibition and the judgment may be entered accordingly."

Appellants have assigned numerous errors, most of which need no attention. The two all-important questions presented are: (1) Was the petition presented to the council, and the election had such a proceeding that, under the initiatory provisions of our law, the vote at such election amounted to a legal selection of the parties entitled to permits? If not, (2) did the resolution of the council, passed when the report of such election was presented to it, amount to a selection of the parties entitled to permits?

The Political Code of this state provides:

"Sec. 1223. The right to propose laws, ordinances or resolutions having the effect of law, for the government of any city or town shall rest with any five per centum of the electors of the political subdivision affected. * * *

"Sec. 1224. A proposal for such law, ordinance or resolution shall be made by petition to the auditor or clerk of the municipal corporation. The petition shall be signed by five per centum of the legal voters of any political sub-division affected by such law, ordinance or resolution, each elector stating his occupation, residence and postoffice address and shall be filed with the auditor of said municipal corporation after the manner prescribed by the provisions of this article for the

petition of the referendum, and said petition shall contain in proper form the proposed law, ordinance or resolution.

"Sec. 1225. When such petition is filed with the auditor or clerk of such municipal corporation, he shall at the first ensuing session or special session, called, submit said proposal to the legislative body thereof; and if the proposal is not adopted, or cannot be adopted by reason of want of authority by such legislative body, it shall be referred to a vote of the electors of such municipal corporation within the time and manner prescribed by this article providing for the referendum.

"Sec. 1226. Such law, ordinance or resolution shall go into effect if approved by a majority of the votes cast for and against the same."

[1] Under the statute it is seen that the law, ordinance, or resolution is proposed to the council. It then becomes its duty to act upon it. There is no election unless the proposed law, ordinance, or resolution is not adopted by the council. What was proposed by such petition that was not adopted by the council? Nothing. The petition did not propose to the council that it grant permit to any certain person or persons. The clear purpose and effect of holding such election was to express to the council the choice of the electors, in a like manner as petitions signed by the voters, and favoring one or more of the applicants for petitions, might have expressed such choice. The filing of the petition for election was in no manner an exercise of any right of initiative resting in the signers under the Constitution and statutes of this state. As to whether there rested, after the result of the election had been declared, a moral duty upon respondents, appellants here, to grant permits to relator and C., is a matter with which the courts have no concern—certainly no legal duty was imposed upon them.

[2] Did the resolution, "that report of special election be accepted and approved," have the effect of "adopting" as the council's choice the choice of the people, and thus have the effect of a resolution in favor of relator and C.? Clearly not. To accept and approve the report was to accept and approve the work of the canvassing board, not the decision of the electors as revealed by such report. Furthermore, to aid it in determining what it was the council accepted and adopted, the

trial court should have considered, in connection with such resolution, the action of the council taken immediately thereafter. Taking into consideration the entire proceedings of such meeting, it becomes too clear for any doubt that the council intended just what its records show—to accept and approve the report.

The judgment and order appealed from are reversed.